ARTHUR L. KUGEL, RESPONDENT, v. CHARLES M. RIE-
DELL, APPELLANT.

Submitted May term, 1930—Decided March 24, 1931.

For the appellant, *Harrison & Roche.*

For the respondent, *Milton M. Unger.*

PER CURIAM.

This is the defendant's appeal from a judgment rendered
against him in the Circuit Court of Essex county and it is
contended that there should have been a nonsuit in the trial
court and that erroneous instructions were given to the jury.

The motion for nonsuit was rested on the ground that the
case as proved by the plaintiff presented a different cause of
action from that averred in the complaint and that there was
not sufficient evidence of a contract between the parties.

The complaint alleged an agreement that the stock, which
seems to have been increasing in value, should, in considera-
tion of the continuance of a loan, be held by the defendant
until a time agreeable to both parties, when it should be sold
and the proceeds divided equally between them; that the de-
fendant, disregarding the agreement and without adequate
consideration, transferred the stock to his wife who subse-
quently sold it at a greatly advanced price.

There was ample proof of the facts set forth in the com-
plaint and from them we think there can be no doubt that
the transfer was a tortious invasion of the plaintiff's rights.
The stock belonged to him. The defendant held it as security

only, with an added agreement that with the plaintiff's acquiescence he might sell it. This was the limit of his powers. When, instead of retaining it according to the trust imposed, he transferred it to his wife without plaintiff's consent it was not only a violation of the agreement, but an unlawful conversion of the plaintiff's property, and the learned trial judge was right in so holding. The motion for nonsuit was therefore properly denied.

The criticisms of the charge to the jury, with a single exception, are predicated on the correctness of the defendant's contentions on the motion for nonsuit. As we disagree with these contentions, we conclude that the grounds of appeal respecting these portions of the charge are not well founded.

It is also said that the court incorrectly instructed the jury as to the date of conversion and as to the price per share which the jury might award to the plaintiff. The first is of no material consequence, and as to the damages (assuming the charge to have been adequately excepted to, which is doubtful), the rule laid down was in accord with the decision of the Court of Errors and Appeals in the case of *Dimock* v. *National Bank, 55 N. J. L.* 296.

It appears, however, from the record and from the proofs that the verdict includes an incorrect and excessive amount of interest to the extent of $1,224, and this the respondent concedes may be corrected by this court. The judgment which was for $17,212.50 will therefore be reduced to $15,-988.50, and for this amount it is affirmed.